## WILLIAMS v. STATE. (2 Div. 316.)

(Court of Appeals of Alabama. Aug. 19, 1924.)

1. **Intoxicating liquors** ⬅238(1) — **Evidence held sufficient to submit to jury question of guilt of manufacturing.**

In a prosecution for manufacturing alcoholic liquors, evidence *held* sufficient to submit to jury question of guilt vel non of defendant.

2. **Intoxicating liquors** ⬅238(1) — **General charge held properly refused where evidence in conflict.**

In prosecution for manufacturing alcoholic liquors, general charges for defendant were properly refused, where evidence was in conflict, and ample to justify a finding of guilt.

3. **Criminal law** ⬅1168(5)—**Defendant cannot complain of refusal of general charge on count on which he is acquitted.**

In a liquor prosecution, where defendant was acquitted under a count charging unlawful possession of a still, he could not complain of refusal of general charge on such count.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Will Williams was convicted of distilling, and he appeals. Affirmed.

Charges 1 and 3 were the general charges as to count 1; charge 2 was the general charge as to count 2.

Geo. O. Miller, of Livingston, for appellant.

The evidence fails to show beyond a reasonable doubt that the defendant manufactured any alcoholic liquors. Adams v. State, 18 Ala. App. 143, 90 So. 42; Spelce v. State, 17 Ala. App. 401, 85 So. 835; Seigler v. State, 19 Ala. App. 135, 95 So. 563; Guin v. State, 19 Ala. App. 67, 94 So. 788; Moon v. State, 19 Ala. App. 176, 95 So. 830; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Ballentine v. State, 19 Ala. App. 261, 95 So. 732.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue that the evidence was sufficient to sustain a conviction, but cite no authorities.

FOSTER, J. The appellant was convicted for manufacturing prohibited liquors.

The evidence for the state tended to show that a deputy sheriff and two other persons with him found the appellant at a still which was in full operation. One state's witness testified that appellant "was running a still"; that "he had it in operation." Another state's witness testified: "I saw him at the still, looked like he was putting wood or kindling or something on the fire." "I am sure that he was putting wood on the fire." The evidence also showed that the still was complete, was in operation, and that shinny had just begun to "drip," and that not over a tablespoonful had run out; that "shinny is alcoholic liquor." The officers testified that appellant threw water on the fire and ran when he saw them approach.

The appellant testified that he did not make any whisky; that he did not own or operate the still; that he did not build a fire under it; that he did not throw water on the fire; and did not run when the officers approached him; and was not at the still, but was from 100 to 200 yards away; and "was just walking along" when the officers caught him.

The appellant's counsel insist that the evidence fails to show beyond a reasonable doubt that the appellant manufactured any alcoholic liquors.

[1] We have set out the substance of the evidence, and hold that there was sufficient evidence to submit to the jury the question of the guilt vel non of the defendant of manufacturing alcoholic liquors.

[2] Charges 1 and 3 were properly refused. There was a conflict in the evidence, but there was ample evidence to justify the finding of the jury that the defendant was guilty as charged in the first count of the indictment; the first count charging the manufacture of prohibited liquors.

[3] Refused charge 2 referred to the second count. The appellant, having been found guilty under the first count, was acquitted under the second count, which charged the unlawful possession of a still, and cannot complain of the refusal of charge 2. Moreover, the evidence was sufficient to justify a conviction of possessing a still, and the refusal of charge 2 was not error.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.